**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GARRY L. HARRIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-0533-JED-JFJ** |
| | ) | |
| **LUKE PETTIGREW,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Petitioner Garry Harris, a state inmate appearing *pro se*,[1] seeks federal habeas relief, through a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1), from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2010-2397. Respondent Luke Pettigrew filed two motions to dismiss the petition, alleging that Harris failed to file the petition within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, and, in the alternative, that Harris failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A). Harris did not file a response to either dismissal motion. Having considered the petition and Pettigrew's motions (Docs. 9, 11) and briefs (Docs. 10, 12), the Court grants Pettigrew's motions, dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies.

[1] Because Harris appears without counsel, the Court must liberally construe his petition. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as Harris's advocate by crafting legal arguments on his behalf or by scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**I.**

In 2010, the State of Oklahoma charged Harris, in Tulsa County District Court Case No. CF-2010-2397, with first-degree rape (count one), forcible sodomy (count two), and first-degree burglary (count three), all after former conviction of two or more felonies. Doc. 10-3, at 1.[2] On July 26, 2010, Harris entered a negotiated plea of guilty as to counts one and two in exchange for the State's agreement to dismiss count three and strike a prior Georgia rape conviction from the allegations in the second page of the information. Doc. 10-3, at 1. Pursuant to the plea agreement, the trial court imposed a 30-year prison sentence for each conviction with both sentences to be served concurrently. Doc. 10-3, at 1.

Harris timely moved to withdraw his plea on August 4, 2010. Doc. 10-3, at 1. Following a hearing on September 3, 2010, the state district court denied the motion. Doc. 10-3, at 1. Harris then filed a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA), claiming he should be permitted to withdraw his plea because he was not advised of the full range of punishment. Doc. 10-3, at 1-2. In an unpublished summary opinion filed February 16, 2011, in Case No. C-2010-854, the OCCA concluded that Harris waived his claim by failing to raise it in his motion to withdraw the plea and affirmed the order denying his motion to withdraw his plea. Doc. 10-3, at 1-2. Harris did not file a petition for writ of certiorari in the United States Supreme Court to seek further review of the OCCA's decision. Doc. 1, Pet., at 2. In addition, Harris did not seek postconviction relief or any other forms of collateral review in state district court. Doc. 1, Pet., generally.

---

[2] The Court's citations refer to the CM/ECF header pagination.

Harris filed the instant federal habeas petition on October 12, 2020. Doc. 1, Pet., at 15.[3]

## II.

Harris identifies one ground for federal habeas relief. He alleges a due-process violation, claiming the State of Oklahoma lacked jurisdiction over his criminal prosecution, in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because he committed his crimes of conviction in Indian country and his victim was an Indian, therefore he was subject to federal prosecution under the Major Crimes Act, 18 U.S.C. § 1153, or the General Crimes Act, 18 U.S.C. § 1152. Doc. 1, Pet., at 4-5, 12-14. Harris candidly admits that he did not present this claim to the OCCA when he appealed his convictions and sentences or through any other state postconviction proceedings. Doc. 1, at 5-6. In response to a specific question in the petition asking whether Harris presented all grounds for relief to the highest state court, Harris states, "No," and provides no further explanation. Doc. 1, Pet., at 10. In the section of the petition that asks about the timeliness of the petition, Harris restates his due-process claim and asserts that "issues of subject-matter jurisdiction are never waived and can therefore be raised on a collateral appeal" or "at any time." Doc. 1, Pet., at 13-14 (citing Oklahoma law).

Pettigrew seeks dismissal of the petition, arguing that Harris failed to file it within the applicable one-year statute of limitations, as provided in 28 U.S.C. § 2244(d)(1), *see* Docs. 9, 10, and, in the alternative, that Harris failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A), *see* Docs. 11, 12.

---

[3] The Clerk of Court received the petition on October 16, 2020. Doc. 1, Pet., at 1. But Harris declares, under penalty of perjury, that he placed the petition in the prison's legal mail system, postage prepaid, on October 12, 2020. Doc. 1, Pet., at 15. Applying the prison mailbox rule, the Court thus deems the petition filed on October 12, 2020. *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

**III.**

On the record presented, the Court agrees with Pettigrew that Harris's claims are barred by the one-year statute of limitations. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitation period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under some circumstances, the one-year limitation period may commence on later date. *Id.* § 2244(d)(1)(B), (C), (D). Regardless of which provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). But the statutory tolling provision applies only if the prisoner properly files an application for postconviction relief or other collateral review in state court within the applicable one-year limitation period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In rare circumstances, the one-year limitation period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Applying § 2244(d)(1)(A), Harris's conviction became final on May 17, 2011, 90 days after the OCCA denied his certiorari appeal, when the time expired for him to seek further direct review of his judgments and sentences. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Harris's one-year limitation period commenced the next day, May 18, 2011, and, absent any tolling events, expired one year later, on May 18, 2012. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). Because Harris did not file any applications for postconviction relief or other collateral review in state district court before his

one-year limitation period expired, he cannot benefit from statutory tolling. And, because he filed the instant petition on October 12, 2020, more than eight years after his one-year limitation period expired, the petition is clearly untimely under § 2244(d)(1)(A).

Further, Harris fails to allege, and thus fails to demonstrate, that his one-year limitation period began at a later date under any other subsection of § 2244(d)(1) or that his circumstances warrant equitable tolling of the one-year limitation period.[4] The Court therefore concludes that the claims raised in the petition are untimely and that the petition should be dismissed with prejudice as barred by the one-year statute of limitations.

**IV.**

Alternatively, the Court finds that even if Harris could overcome the untimeliness of his claims, Harris concedes that he failed to exhaust available state remedies as to the sole claim raised in his petition. The AEDPA requires state prisoners to "exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S.

---

[4] As previously stated, Harris's only discernible argument regarding the timeliness of his petition appears to be that the AEDPA's statute of limitations does not apply because he is asserting a due-process claim alleging that the State lacked subject-matter jurisdiction over his criminal prosecution. Doc. 1, Pet., at 13-14. Pettigrew, however, addresses the possibility that Harris's references to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), signify an attempt to invoke application of § 2244(d)(1)(C), § 2244(d)(1)(D), or the doctrine of equitable tolling. Doc. 10, Resp't's Br., at 4-10. Even applying the rule of liberal construction, the Court does not read the petition so generously. Rather, the Court discerns only one argument regarding the timeliness of the petition, namely, Harris's assertion that a challenge to the state court's subject-matter jurisdiction can be raised "at any time" and thus is not subject to § 2244(d)(1)'s one-year statute of limitations. Doc. 1, Pet., at 13-14. The flaw in that argument is that the plain language of § 2244(d)(1) provides no exception for due-process claims challenging subject-matter jurisdiction.

838, 842 (1999). This is so because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Id.* at 844. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review his claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844. To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

As previously stated, Harris admits that he did not exhaust available state remedies as to the sole claim he raises in the petition before filing the petition. Doc. 1, Pet., at 5-6, 10. And nothing in the record suggests otherwise. Because Harris has not given Oklahoma courts "the first opportunity to review his claim[s] and provide any necessary relief," *O'Sullivan*, 526 U.S. at 844, the Court finds that even if Harris's claims could be deemed timely, the petition must be dismissed for failure to exhaust available state remedies.

**V.**

Based on the foregoing, the Court concludes that Harris failed to file his petition within the applicable statute of limitations and failed to exhaust available state remedies before filing the petition. The Court therefore grants Pettigrew's dismissal motions, dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on either ground. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Doc. 9) is **granted**.
2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.
3. Respondent's motion to dismiss (Doc. 11) is **granted**.
4. The petition for writ of habeas corpus (Doc. 1) is, in the alternative, **dismissed** for failure to exhaust available state remedies.
5. A certificate of appealability is **denied**.
6. A separate judgment shall be entered in this matter.

ORDERED this 30th day of April, 2021.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT